# Exhibit A

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| P.H., A MINOR by D.H. and T.H., her Guardians<br>Washington, PA 15301,<br><br>and<br><br>D.H. and T.H., INDIVIDUALLY AND IN THEIR OWN RIGHT<br>Washington, PA 15301,<br><br>Plaintiffs,<br><br>v.<br><br>KINDERCARE EDUCATION, LLC t/d/b/a KINDERCARE LEARNING CENTERS<br>650 Holladay Street – Suite 1400<br>Portland, OR 97232<br><br>Defendant. | No. 2020-824<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on Behalf of Plaintiffs:<br>**P.H., a minor by D.H. and T.H., her Guardians and D.H. and T.H., Individually and In Their Own Right**<br><br>Counsel for this Party:<br><br>Paul A. Tershel, Esquire<br>Pa I.D. No. 30444<br><br>Mary Chmura Conn, Esquire<br>Pa I.D. No. 65488<br><br>Jarrod T. Takah, Esquire<br>Pa I.D. No. 208953<br><br>Sarah M. Zeh, Esquire<br>Pa I.D. No. 324176<br><br>**TERSHEL & ASSOCIATES**<br>Helena Professional Building<br>55 South Main Street<br>Washington, PA 15301<br><br>(724) 228-4700<br><br>**JURY TRIAL DEMANDED** |

FILED FEB 06 2020 L.H. HOUGH PROTHONOTARY

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| **P.H., A MINOR by D.H. and T.H., her GUARDIANS** and **D.H.** and **T.H., INDIVIDUALLY AND IN THEIR OWN RIGHT**<br><br>Plaintiffs,<br><br>v.<br><br>**KINDERCARE EDUCATION, LLC t/d/b/a KINDERCARE LEARNING CENTERS,**<br><br>Defendant. | No.<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE

YOU HAVE BEEN SUED in court. IF YOU WISH TO DEFEND against the claims set forth in the following pages, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that IF YOU FAIL to do so, the case may proceed without you and A JUDGMENT may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. YOU MAY LOSE MONEY OR PROPERTY or other rights important to you.

You should take this paper to your lawyer at once.

If you do not know a lawyer, contact:

Lawyer Referral Service
119 South College Street
Washington, Pa. 15301
(724) 225-6710

If you cannot afford a lawyer, contact:

Southwestern Pennsylvania Legal Aid
10 West Cherry Avenue
Washington, Pa. 15301
(724) 225-6170

2·6·20
Date

_____
Mary Chmura Conn, Esquire
*Attorney for Plaintiffs*

NOTICE: You are hereby notified to return "NOTICE OF INTENTION TO APPEAR" within twenty (20) days from service hereof or a default judgment

2

may be entered against you.

## IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

### CIVIL DIVISION

| | |
|---|---|
| P.H., A MINOR by D.H. and T.H., her GUARDIANS and D.H. and T.H., INDIVIDUALLY AND IN THEIR OWN RIGHT<br><br>Plaintiff,<br><br>v.<br><br>KINDERCARE EDUCATION, LLC t/d/b/a KINDERCARE LEARNING CENTERS,<br><br>Defendant. | No.<br><br>**JURY TRIAL DEMANDED** |

## PRAECIPE FOR APPEARANCE

To:  Washington County Prothonotary

Kindly enter the appearance of Paul A. Tershel, Esquire, Mary Chmura Conn, Esquire, Jarrod T. Takah, Esquire, Sarah M. Zeh, Esquire and **TERSHEL & ASSOCIATES** on behalf of the Plaintiffs in the above-captioned matter.

TERSHEL & ASSOCIATES

*[signature]*
Mary Chmura Conn, Esquire
*Attorney for Plaintiff*

3

## **COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiffs, P.H., a minor by D.H. and T.H., her Guardians and D.H. and T.H., Individually and In Their Own Right by and through their attorneys, Paul A. Tershel, Esquire, Mary Chmura Conn, Esquire, Jarrod T. Takah, Esquire, Sarah M. Zeh, Esquire and **TERSHEL & ASSOCIATES** and file the within Complaint in Civil Action. In support thereof, Plaintiffs aver as follows:

### -Parties-

1. Plaintiffs are P.H., a minor, having been born on August 15, 2015, who proceeds in this action by her Guardians, D. H. and T.H. and D.H. and T.H., individually and in their own right, who at all times material hereto, reside in Washington, Washington County, Pennsylvania, 15301.

2. Defendant, KinderCare Education, LLC t/d/b/a KinderCare Learning Centers (hereinafter "Defendant") is a for-profit company with its headquarters located at 650 Holladay Street, Portland, Oregon, 97232, doing business as a provider of childcare and early education facilities and with a daycare center located at 63 Wilson Avenue, Washington, Washington County, Pennsylvania, 15301. At all times material herein, Defendant acted by and through its agents, servants and/or employees who were acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business and interest and under the control and/or right of control of Defendant.

## -Facts-

3. Plaintiff, P.H., a minor, was enrolled at Defendant from the time that she was eight (8) weeks old until September 13, 2018.

4. On September 13, 2018, during class, Defendant's teacher took photographs of P.H. in which P.H. is depicted nude from the waist down.

5. Defendant's teacher then uploaded and disseminated these photographs to dozens of people via email, including Plaintiffs, D.H. and T.H., other students' parents, family and friends.

6. Plaintiffs, D.H. and T.H. were horrified to learn that inappropriate photographs of the minor, Plaintiff, P.H., had been disseminated to numerous people electronically. Plaintiffs continue to be concerned about where the photos of minor Plaintiff, P.H., may end up and how they will be used.

7. Plaintiffs, D.H. and T.H., immediately removed minor Plaintiff, P.H. from Defendant's care and enrolled her in another daycare.

8. As a result of minor Plaintiff, P.H.'s attachment and familiarity with Defendant, the decision to enroll her at another daycare was extremely difficult.

9. As a direct and proximate result of Defendant's negligent, reckless, outrageous and willful and wanton conduct, Plaintiff, P.H. suffered from symptoms of depression for several months after being removed from Defendant, including:

    a. Lack of appetite;
    b. Inability to sleep;
    c. Moodiness;
    d. Maladjustment to her new daycare;
    e. Anti-social behaviors; and
    f. Emotional distress.

10. As a direct and proximate result of Defendant's negligent, reckless, outrageous and willful and wanton conduct, Plaintiffs, D.H. and T.H., suffered severe emotional upset and economic loss of the tuition paid to Defendant, which was an investment into minor Plaintiff P.H.'s continued enrollment at Defendant.

### -Causes of Action-

### COUNT I – NEGLIGENCE
### ALL PLAINTIFFS v. DEFENDANT

11. All Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint in Civil Action, as if each and every one were set forth herein at length.

12. At all times material and relevant herein, Defendant acted by and through its agents, servants and/or employees.

13. Defendant, as well as its agents, servants and/or employees, had a duty to act prudently and had a duty to provide reasonable and ordinary care to Plaintiffs.

14. Defendant and its agents, servants, and/or employees acted negligently, carelessly and recklessly by breaching their duties in at least the following particulars:

   a. Taking inappropriate photographs of minor Plaintiff, P.H. and disseminating them via email;

   b. Failing to hire only competent and qualified staff;

   c. Failing to properly train, supervise and/or monitor the behaviors of its servants, agents and/or employees;

   d. Failing to ensure that effective policies and procedures were developed and implemented to prevent its servants, agents and/or employees from taking inappropriate photos of students including the minor Plaintiff, P.H., and disseminating them;

   e. Failing to ensure that effective policies and procedures were implemented regarding photos and privacy rights of children; and

        f.      Placing minor Plaintiff, P.H., in danger following dissemination of inappropriate photographs of her.

15.    The actions that caused minor Plaintiff, P.H.'s injury would not have occurred but for Defendant's negligent, careless and reckless conduct, as set forth above, in that:

        a.      The injuries suffered by minor Plaintiff, P.H., would not have occurred in the absence of Defendant's negligent, careless and reckless acts; and

        b.      Minor Plaintiff, P.H.'s injuries did not result from any voluntary action or contribution on the part of minor Plaintiff, P.H.

16.    As a direct and proximate result of the aforementioned outrageous conduct of Defendant, Plaintiffs, D.H., T.H. and minor, P.H., sustained the injuries as fully described above.

17.    Defendant's actions were in reckless disregard to the interest of Plaintiffs, subjecting Plaintiffs to embarrassment, ridicule, great emotion distress and potential physical danger.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an award of compensatory and punitive damages against Defendant in the amount in excess of $50,000 plus interest and costs.

## -COUNT II – NEGLIGENCE PER SE-
## ALL PLAINTIFFS v. DEFENDANT

18.    Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint in Civil Action, as if each and every one were set forth herein at length.

19.    At all times material herein, Defendant and its agents, servants and/or employees had a duty to not violate the legal rights of children, including Plaintiff, P.H. and had a duty to refrain from taking any action that is prohibited under 18 Pa. C.S.A. § 6312(a), relating to the sexual abuse of children.

20. The above-noted statute is designed to protect the interests, safety and wellbeing of children, such as Plaintiff, P.H., from the dangers of sexual exploitation and/or those posed by sexual predators.

21. Defendant, along with its servants, agents and/or employees negligently, carelessly and recklessly violated the above-noted statute in the following ways by:

    a. Taking photographs that depicted a minor in such a state of undress as to be a violation of 18 Pa. C.S.A. § 6312;

    b. Disseminating said photographs on the Internet where an unascertained number of people can access them; and

    c. Failing to prevent said photographs from being disseminated on the internet.

22. Defendant's actions were in reckless disregard to the interest of Plaintiffs, subjecting Plaintiffs to embarrassment, ridicule, great emotion distress and potential physical danger.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an award of compensatory and punitive damages against Defendant in the amount in excess of $50,000, plus interest and costs.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL PLAINTIFFS v. DEFENDANT

23. Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint in Civil Action, as if each and every one were set forth herein at length.

24. Defendant's conduct regarding the uploading and sending of the subject images was so extreme and outrageous that it transcended the boundaries of decency and constitutes conduct that is intolerable in any civilized society.

25. Defendant and its agents, servants and/or employees acted knowingly and/or with reckless indifference to the potential harm to Plaintiffs from its actions.

26. Defendant's actions were in reckless disregard to the interest of Plaintiffs, subjecting Plaintiffs to embarrassment, ridicule, great emotion distress and potential physical danger.

27. The acts of Defendant as pled hereinabove represent conduct which was intentional, willful, outrageous, reckless and deliberately indifferent to the health, wellbeing and safety of Plaintiffs.

28. As a direct and proximate result of the aforementioned outrageous conduct of Defendant, Plaintiffs sustained the injuries as fully described above.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an award of compensatory and punitive damages against Defendant in an amount in excess of $50,000, plus interest and costs.

Respectfully submitted,

**TERSHEL & ASSOCIATES**

_____
Mary Chmura Conn, Esquire
*Attorney for Plaintiffs*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) SS: |
| COUNTY OF WASHINGTON | ) |

BEFORE ME, the undersigned authority, personally appeared Mary Chmura Conn, Esquire, Attorney for Plaintiffs, who, being duly sworn according to law, deposes and states that P.H., a minor by D.H. and T.H., her Guardians and D.H. and T.H., Individually and in Their Own Right and verification cannot be obtained within the time permitted for filing of this Plaintiffs' Complaint in Civil Action, that affiant has been given authority by the Plaintiffs, to act as their attorney and to take this affidavit; that the averments of fact contained in the foregoing Plaintiffs' Complaint in Civil Action are true and correct to the best of the affiant's information, knowledge and belief and that P.H., a minor by D.H. and T.H., her Guardians and D.H. and T.H., Individually and in Their Own Right, Plaintiffs, are the source for affiant's information respecting the averments of fact contained in the foregoing Plaintiffs' Complaint in Civil Action.

_____
Mary Chmura Conn, Esquire

SWORN TO AND SUBSCRIBED

before me this ____6th____

day of __February__, 2020

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Danielle Salva, Notary Public
Washington County
My commission expires August 28, 2022
Commission number 1338632
Member, Pennsylvania Association of Notaries