IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| P.H., A MINOR by D.H. and T.H., HER GUARDIANS and D.H. and T.H., INDIVIDUALLY AND IN THEIR OWN RIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>KINDERCARE EDUCATION, LLC t/d/b/a, KINDERCARE LEARNING CENTERS,<br><br>Defendant. | Civil Action No. 20-277<br>Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 25th day of August, 2020, upon consideration of Defendant Kindercare Education, LLC's Motion to Compel Video Recorded Discovery Session With Minor Plaintiff P.H. Via Zoom Technology, (Docket No. [34]), Plaintiffs P.H., D.H., and T.H.'s Response, (Docket No. [37]), wherein they seek to avoid having P.H. participate in the Zoom session but agree to have P.H. participate in same if they are provided questions in advance and time limitations are established by the Court, and Defendant's Reply, (Docket No. [39]), objecting to Plaintiffs' proposals,

IT IS HEREBY ORDERED that Defendant's Motion [34] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs shall make P.H. available for a remote video recorded discovery session via Zoom technology within the next twenty (20) days; and,

IT IS FURTHER ORDERED that defense counsel shall be allowed to conduct age appropriate questioning of P.H. for a total of no more than 30 minutes, unless otherwise agreed to by the parties, and shall afford P.H. breaks, as necessary, and upon the request of Plaintiffs' counsel. Such breaks will not count against the time. To the extent that additional time is necessary, Defendant shall file an appropriate motion with the Court seeking leave to conduct a second session.

In so holding, the Court notes the following:

> The Federal Rules of Civil Procedure do not distinguish minors from adults for depositions. Rule 30(a)(1) provides, "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Even if a parent objects to the deposition of a non-party minor child, courts have allowed the testimony provided it is: (a) relevant; (b) not unreasonably duplicative; and (c) unlikely to cause the minor irreparable harm. *Arassi v. Weber-Stephen Products LLC*, 2014 WL 1385336 (E.D. Wis. Apr. 9, 2014); *Flanagan v. Wyndham Intern. Inc.*, 231 F.R.D. 98 (D.D.C. 2005).

*Yelland v. Abington Heights Sch. Dist.*, No. CV 3:16-2080, 2017 WL 4122465, at *2 (M.D. Pa. Sept. 18, 2017). All of these factors are met here. The deposition is relevant as 5-year old P.H. is a named party in this action and Plaintiffs are seeking damages for her alleged emotional distress resulting from an incident at Defendant's facility in September of 2018. (*See* Docket No. 26 (overruling objections and denying protective order seeking mother's mental health records because Plaintiffs placed her mental health at issue by seeking emotional distress damages)). To properly defend his client, defense counsel must have access to evaluate the minor Plaintiff and her claims. The discovery session is not unreasonably duplicative because Plaintiffs' counsel has been equivocal as to whether P.H. will be called as a witness at trial or not. (Docket No. 37 at 2 (noting apparent agreement to not call P.H.); n.2 ("Should Plaintiffs change their position on

2

calling the minor as a witness at trial, Plaintiffs will allow questioning of the minor Plaintiff upon sufficient safeguards as directed by the Court.")).

In addition, Plaintiffs have not set forth any evidence that a 30-minute discovery session over Zoom would cause P.H. irreparable harm.  (*See* Docket No. 37).  To the contrary, they concede that "it is expected that Defendant's counsel will exhibit an appropriate demeanor with the minor Plaintiff – P.H. when and if he questions her" and have agreed to participate if defense counsel would provide his questions to Plaintiffs' counsel in advance.  (Docket No. 37 at 3). On the last point,

> the Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition. Fed.R.Civ.P. 30. The Rule gives the party, not the witness, the option of conducting a deposition by written questions. Fed.R.Civ.P. 31. We see no policy justification for allowing the witness the option of reviewing written questions prior to the deposition.

*Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co*., 615 F.2d 595, 599–600 (3d Cir. 1980); *see also Wallace v. Ramnath*, No. CIV. A. 95-3874, 1995 WL 764575, at *3 (E.D. Pa. Dec. 22, 1995) ("the court will deny Plaintiff's Motion to Clarify Deposition Procedure because it appears to request that Defendant provide him with questions in advance. A party deposing another party by oral questions need not forward the questions to the deponent. ").

Finally, the Court has considered the alternative proposal that it supervise the Zoom discovery session.   In the past, the Court has interviewed a minor child during a bench trial for a Hague convention case. *See Wesley v. Grigorievna*, 2016 WL 4493691, at *2 (W.D. Pa. Aug. 26, 2016).  However, the Court does not believe that the same is necessary because: the session will be recorded such that any misbehavior by the participants can be sanctioned upon review of the recording, *see e.g., Wise v. Washington Cnty*., Civ. No. 10–1677, 2015 WL 1757730 (W.D.Pa.

3

Apr. 17, 2015) (sanctioning counsel for misbehavior during lititation); Plaintiffs have conceded that they expect defense counsel to acquit himself professionally, as does the Court; and his questioning of the minor child will be focused given the 30-minute time limitations, which are put into place given P.H.'s age and expected maturity level.  To the extent that Defendant believes additional time is necessary after concluding the initial session, counsel shall file an appropriate motion with the Court.  The Court will review any response from Plaintiffs as well as the recording to determine if good cause has been shown for another session.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: Counsel of record